## SUPREME COURT.

THE PEOPLE, on the relation of HIRAM ATKINS and SAMUEL B. POWELL, agt. HENRY SNYDER, jr., and ISAAC VAN LEUVEN.

Where the *trustees* of a school district are sued, and judgment obtained against them individually—not in their *official* capacity—the board of supervisors of the county have no authority to direct that the judgment be collected from the taxable inhabitants of the district, *unless* the latter have *voted to indemnify* the officers thus sued. (*Sess. Laws*, 1847, *p.* 163.)

*Albany Circuit, Sept.,* 1854.—Motion for peremptory mandamus.

In November, 1851, the relators presented to the board of supervisors of the county of Albany a claim against school district No. 16, in the town of Westerlo, with a statement that they were trustees of the district, and that, in performing their official duties they assessed a tax on the inhabitants of the district for the payment of teachers' wages, &c., and made out their warrant for its collection, and gave it to the collector; that the collector levied upon property alleged to have been the property of Henry Snyder, jr., and that he had brought an action of trespass against them, in which he had recovered judgment for $20 damages and costs, which judgment had been paid by the relators. The amount claimed by them as a charge against the district was $51.88. The board of supervisors voted to allow $26.88 of the account, and, subsequently, added to the amount the further sum of $10, making the whole amount allowed against the district $36.88.

The defendants, who were trustees of the district, refused to join with the relator, Hiram Atkins, who was the other trustee, in issuing the necessary warrant for the collection of the account, and thereupon the relators obtained, upon application to the court, an alternative mandamus, directed to the defendants, requiring them to join with Atkins in issuing the warrant, or show cause, on the last Tuesday of April, 1853.

The defendants made a return to the writ, and, among other things, stated that Henry Snyder, jr., who was then a trustee

of the district, had prosecuted the relators jointly in an action of trespass before a justice of the peace; that such action was not against the relators officially, but they were sued individually, and as naked trespassers; and that the circumstances under which the suit was brought were as follows:—The school district, at a regular and legal meeting, had voted that there should be no fuel tax in the district, and, against such vote, and without authority of law, the relators had made an assessment embracing a fuel tax, and had issued a warrant for the collection thereof; that Snyder was not named in the warrant, and yet the collector had levied upon a harness belonging to him, and that, with notice of these facts, and without the consent of the other trustee, they had directed the collector to sell the harness, for which they were sued, and the judgment mentioned in their claim against the district recovered. This part of the return, together with some other matters, were stricken out on motion, in September, 1853. (*See* 8 *Howard*, 358.)

To the remainder of the return the relators interposed a plea, in which they insisted that the petition, account, and verification presented by them to the board of supervisors were sufficient to give the board jurisdiction, and then proceed to state what occurred after the claim had been presented. The defendants replied, denying generally all the allegations in the plea.

Upon the trial neither party offered any evidence. The relators insisted, that upon the return and pleadings they were entitled to a peremptory mandamus.

J. M. HARRIS and J. H. REYNOLDS, *for relators.*
O. H. CHITTENDEN and H. G. WHEATON, *for defendants.*

HARRIS, Justice. The decision of this case must depend upon the question, whether the board of supervisors had authority to require the account allowed by them to be paid by the district, and this again must be determined by the question whether the relators, in the action in which the judgment was recovered against them were sued in their official character as

trustees. Were the relators sued "in consequence of any act by them performed by direction of the district, or any act performed by virtue of or under color of their office?" If they were, they had a right to present their claim to the board of supervisors in the manner prescribed in the second section of the act of 1847. (*Sess. Laws of* 1847, *p.* 163.) And the supervisors had authority to proceed thereon in the manner provided in the *third* section of the same act. But if they were not thus sued, they were only authorized to present their claim, after " a majority of the taxable inhabitants of the district had so determined;" until this should be done, the board of supervisors would have no authority to direct its payment.

I agree with those who have had occasion to notice the act of 1847, that its provisions are very awkwardly expressed. The act, like many others of the present day, is clumsily drawn. I have sometimes thought that if legislators were subjected to the same rules of liability for want of skill or care in the performance of their work as mechanics, or even lawyers, an action for damages might be sustained against the framers of some modern enactments. Certain it is, that laws like that under consideration are a prolific source of litigation. But I cannot think that, in giving effect to the provisions of the first section of the act, it is necessary to strike out or disregard any portion of the section, as was held in *The People on the relation of Gale agt. Trustees, &c.*, (8 *How.* 125.) On the contrary, I think the clause which, in that case, it was thought necessary to reject, is required to give point and effect to the section. The object of the legislature was, to provide for collecting from the taxable inhabitants of the district, moneys which their officers had been compelled to pay. The tribunal selected to determine upon the justice of the claim was the board of supervisors. Their power is defined in the third section of the act. The mode of presenting the claim is prescribed in the second section. The cases in which the claim may be presented, and in which the supervisors have power to order the sum allowed by them to be collected of the district, are specified in the first section of the act. Of these cases there are two classes: one

People ex rel. Atkins & Powell agt. Snyder, &c.

where a suit has been brought *against* the trustees of the district in their *official capacity,* and the other where a suit has been brought *by* or against any trustees, or any other officers of the district, and the taxable inhabitants of the district have voted to indemnify them. In these cases, it is made the duty of the trustees to ascertain, in the manner prescribed in the second and third sections, the amount chargeable upon the district; and the fourth section of the act makes it the duty of the trustees to issue their warrant for its collection. In the first class of cases, it will be perceived, the suit must have been against "the trustees" *as such.* When that is the case, no vote of the district is necessary to give the board of supervisors jurisdiction of the claim.

The second class of cases is where the suit is not against "the trustees" in their official character, but is brought by or against some one or more of the trustees, or some other officer of the district. In that case, the account may be presented to the board of supervisors for their allowance, if the taxable inhabitants of the district have voted to indemnify the party, and not without.

From this exposition of the statute, it is manifest that the board of supervisors had no authority to direct the payment of the claim in question. The suit, in which the judgment had been recovered against the relators, was brought against them, not as "the trustees" of the district, but as individuals. It is true, that they were in fact two of the trustees; and it may also be true, that the act for which they were sued was intended for the benefit of the district, but they were sued as mere trespassers. For a judgment recovered in such an action, the district could not be made liable, without a vote of its taxable inhabitants to that effect. The case is clearly within the second class of cases specified in the first section of the act, and the proceedings before the board of supervisors, without a previous vote of the district, to indemnify the relators, were unauthorized and void.

The case is in no respect varied by any thing stated in the return to the alternative mandamus or the subsequent pleadings.

The case is, therefore, decided upon the facts as they were presented upon the first application.

The motion for a writ of peremptory mandamus must be denied, with ten dollars costs of the motion, to be paid by the relators.